## WOLKOFF v. UNITED STATES.
### No. 7279.

Circuit Court of Appeals, Sixth Circuit.
May 12, 1936.

H. A. Rocker, of Cleveland, Ohio (Rocker & Schwartz, of Cleveland, Ohio, on the brief), for appellant.

E. L. Foote, of Cleveland, Ohio (E. B. Freed and Frank Wiedemann, both of Cleveland, Ohio, on the brief), for the United States.

Before MOORMAN, SIMONS, and ALLEN, Circuit Judges.

ALLEN, Circuit Judge.

Appellant was charged in a joint indictment with knowingly receiving stolen goods, in violation of title 18, section 409, U.S.C.A. Upon written waiver of jury trial, the court heard testimony and took the case under advisement. Without rendering any decision upon the merits, the court dismissed the case upon the ground that the indictment was faulty. Appellant was reindicted jointly with three other defendants for the same offense. He moved for discharge on the ground of former jeopardy, but the court overruled his plea. A jury was waived, the case was submitted on the evidence adduced under the first indictment, and appellant was found guilty as charged, and duly sentenced.

The sole question is whether the court erred in overruling the plea of former jeopardy. Two of the essentials of legal jeopardy are that the court have jurisdiction, and that the indictment be valid. Here the court had jurisdiction, but the first indictment was invalid. It failed to designate the place or vehicle from which the goods were stolen. Under title 18, section 409, U.S.C.A., this averment is a jurisdictional prerequisite. The faulty indictment in its material portions alleged that appellant received stolen goods, "knowing that same had been stolen from the Interstate Motor Freight Company, Detroit, Michigan, while in the course of transportation in interstate commerce from the Standard Manufacturing Company, Indianapolis,

Indiana, to The Atlantic and Pacific Tea Company, Cleveland, Ohio." The statute[1] expressly covers the stealing of goods from certain designated places, and the indictment must aver specifically the place from which the goods were stolen. United States v. Cohen, 274 F. 596 (C.C.A.3); United States v. Moynihan, 258 F. 529 (C.C.A.3). Cf. Bloch v. United States, 261 F. 321 (C.C.A.5); Kasle v. United States, 233 F. 878 (C.C.A.6).

Since the first indictment was fatally defective appellant was not in double jeopardy upon trial under the reindictment.

The judgment is affirmed.

[1] Title 18, section 409, U.S.C.A.
"Whoever shall * * * steal or unlawfully take, carry away, or conceal, or by fraud or deception obtain from any railroad car, station house, platform, depot, wagon, automobile, truck, or other vehicles, or from any steamboat, vessel, or wharf, with intent to convert to his own use any goods or chattels moving as or which are a part of or which constitute an interstate or foreign shipment of freight or express, or shall buy or receive or have in his possession any such goods or chattels * * * knowing the same to have been stolen, shall in each case be fined not more than $5,000 or imprisoned not more than ten years, or both, and prosecutions therefor may be instituted in any district wherein the crime shall have been committed."