## CHAPMAN v. UNITED STATES.

No. 13084.

Circuit Court of Appeals, Eighth Circuit.

Nov. 6, 1945.

Thomas C. Swanson, of Kansas City, Mo., for appellant.

Richard H. Musser, Asst. U. S. Atty., of Kansas City, Mo. (Maurice M. Milligan, U. S. Atty., of Kansas City, Mo., on the brief), for appellee.

Before WOODROUGH, JOHNSEN, and RIDDICK, Circuit Judges.

RIDDICK, Circuit Judge.

This appeal is from a judgment of conviction upon an indictment charging appellant with breaking the seal on a railroad car containing an interstate shipment of goods and with the theft of a part of the contents of the car in violation of 18 U.S. C.A. § 409. For reversal the appellant contends that the Federal court was without jurisdiction of the action, because the evidence adduced at the trial shows that the acts with which appellant was charged were committed after the termination of the interstate shipment by arrival of the car at its destination and by delivery of the contents to the consignee.

The shipment in question was a carload of sugar consigned, freight prepaid, by the Holly Sugar Company from Worland, Wyoming, to the Lillard Creamery Company at Richmond, Missouri. The shipment reached Richmond on Saturday, November 11, 1944, and on arrival the consignee was notified, the car was sealed by the terminal carrier and placed on its team or delivery track. On Saturday afternoon the consignee broke the seal on one of the doors and removed part of the sugar. The door of the car was then closed and a new seal affixed by the carrier. On the following Monday the consignee again entered the car and removed more of the sugar. That afternoon, on advice from the consignee that no more of the sugar could be removed until the day following, the carrier again sealed the car. Because of the peculiarity of the latches on the car door, it could not be padlocked. That night the seal which the carrier had placed upon the car door was broken, and some of the sugar remaining in the car was stolen.

We think it cannot be said upon this evidence that the interstate transportation of the sugar had been completed by arrival at destination and delivery there to

the consignee; nor that, at the time of the commission of the crimes charged in the indictment, the sugar was no longer a part of interstate commerce. "Ordinarily a carrier's contract is not fulfilled until the goods are in the possession of the consignee and the general rule is that a shipment does not lose its interstate character until it arrives at its destination and is there delivered." Murphy v. United States, 6 Cir., 133 F.2d 622, 626. In the Murphy case the appellants were charged, under the statute involved here, with the theft of cigarettes from a railroad warehouse. The facts were that a prepaid interstate shipment, on the day following its arrival at destination, was stored in the railroad warehouse, and the consignee notified. Several days later on delivery to the consignee it was found that seven cases of cigarettes had been stolen. It was held that the prepayment of freight did not affect the character of the goods as an interstate shipment, and that the cigarettes remained a part of an interstate shipment while under the care of the railroad company in its warehouse.

Appellant relies upon the opinion of this court in O'Kelley v. United States, 8 Cir., 116 F.2d 966. That case, however, is distinguishable from the present case by the fact that the interstate shipment there involved had been delivered to the consignee, and dominion and control over it by the carrier had been completely surrendered. In the present case delivery had not been completed, and at the time of the occurrence of the acts charged in the indictment the car and its contents were in the possession and under the control of the carrier and protected by its seal. The shipment involved in the O'Kelley case moved from a point in Louisiana to Ravana, Arkansas, where the carrier maintained no station agent. The car containing the shipment was set on a spur track at Ravana, and the consignee notified of its arrival. On the day following the receipt of notice of its arrival, the consignee accepted delivery, removed a part of the shipment, closed the car door, and secured it with the consignee's private padlock. Before all of the shipment was removed, part of it was stolen. It was held that since the interstate shipment had been completed by delivery to the consignee and by acceptance by him, the contents of the car were no longer within the protection of the Federal Statute. The decision is based upon a finding of surrender of control of the shipment by the carrier to the consignee

before the commission of the crime charged, and implicit in it is the holding that, in the absence of such a surrender of control by delivery to the consignee, the contents of the car remained a part of interstate commerce, protected by the Act.

The judgment is affirmed.