**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Arthur Wilson COUSINS, Defendant-Appellant.**

**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Joe Armenta GANO, Defendant-Appellant.**

**Nos. 24601, 24605.**

United States Court of Appeals, Ninth Circuit.

Argued March 12, 1970.

Decided May 28, 1970.

Coit I. Hughes (argued) of Hughes, Hughes & Conlan, Phoenix, Ariz., for appellant Arthur Wilson Cousins.

Noel Levy (argued), John M. Levy, Phoenix, Ariz., for appellant Joe Armenta Gano.

Joseph S. Jenckes (argued) Asst. U. S. Atty., Richard K. Burke, U. S. Atty., Rubin Salter, Jr., Asst. U. S. Atty., Phoenix, Ariz., for appellee.

Before BARNES, HAMLEY and WRIGHT, Circuit Judges.

EUGENE A. WRIGHT, Circuit Judge:

Appellants were indicted and tried jointly for possessing merchandise stolen from an interstate shipment, knowing the same to have been stolen. 18 U.S.C. § 659 (Supp. III, 1966), amending 18 U.S. C. § 659 (1964). They make separate contentions on appeal with which we will deal individually. We affirm both convictions.

A shipment of whiskey from Boston was transported in a sealed railroad car to a warehouse of the consignee in Phoenix, Arizona. On October 22, 1967, the car was spotted on a railway spur behind the warehouse, awaiting unloading by the consignee. Early the following day, the seal was broken and 272 cases of whiskey were stolen.

A day or two thereafter, Cousins offered to sell a quantity of liquor "which had just been taken from a railroad car" to Mac Turner, the owner of a bar in Phoenix. Turner, who later reported the offer to the local police, expressed interest in the purchase, and on October 26, Cousins introduced Turner to appellant Gano as one of those who "had the whiskey." When Turner asked to see a sample of the whiskey, Cousins drove him with Gano to a home which Turner and Gano entered. They returned to the car with a pint of stolen whiskey and, during the drive back to Turner's bar, Cousins arranged the details of the delivery.

That afternoon Gano delivered 250 cases of stolen whiskey to a loading dock near Turner's establishment. Cousins assisted in unloading the cargo from the truck by keeping tally of the number of cases as they were placed on the dock. Appellants were arrested when approximately one-half of the stolen cases of liquor had been removed from the truck.

## I. COUSINS' APPEAL.

Cousins asserts that there was insufficient evidence to support a finding that he had possession of the stolen liquor.

■■ The district court correctly instructed the jury that "possession" of goods known to have been stolen from interstate commerce includes "constructive" as well as actual possession. While term "constructive possession" is not free from ambiguity, it has been generally defined as knowingly having both the power and intention at a given time to exercise dominion or control over the property. Rodella v. United States, 286 F.2d 306, 311–312 (9th Cir. 1960).

■ A review of the cases dealing with "possession" offenses indicates, however, a tendency to avoid generalities. The circumstances of each case must be examined to determine if there is "such a nexus or relationship between the defendant and the goods that it is reasonable to treat the extent of the defendant's dominion and control as if it were actual possession." United States v. Casalinu-ovo, 350 F.2d 207, 209–211 (2d Cir. 1965) and cases cited.

■ The evidence showed that Cousins initiated the sale, knowing the liquor was stolen. He arranged for delivery and participated in the unloading. He was no mere intermediary or innocent person at the scene of illicit activity but rather an active participant, if not the principal, in the sale and delivery. With this evidence, a jury could find that Cousins, along with Gano, exercised dominion and control over disposal of the stolen liquor. See Cellino v. United States, 276 F.2d 941 (9th Cir. 1960).

■ Hernandez v. United States, 300 F.2d 114 (9th Cir. 1962), upon which Cousins relies, involved another point. We there held that possession could not be imputed to a defendant through doctrines of conspiracy or "aider and abettor." Once constructive possession is shown, as in this case, the statutory element is satisfied without resort to any theory of vicarious liability. See Figueroa v. United States, 352 F.2d 587 (9th Cir. 1965).

[6] Cousins next assigns error to a jury instruction that possession of recently stolen property, without a reasonable explanation, may be considered as evidence of guilty knowledge of its stolen character. No objection was taken to the instruction. In light of the direct evidence indicating Cousins' knowledge of the stolen character of the merchandise, we decline to consider it as plain error affecting substantial rights. Rule 52(b) F.R.Crim.P.

## II. GANO'S APPEAL.

This appellant contends that the shipment lost its interstate character when the railroad car was placed on the consignee's siding to await unloading. He argues that the theft did not occur from a common carrier in interstate commerce.

■■ Section 659 has as its obvious purpose the protection and promotion of goods in interstate commerce and "this undertaking is not to be hampered by

technical legal conceptions." United States v. Berger, 338 F.2d 485, 487 (2d Cir. 1964). The determination of whether a shipment is in interstate commerce at a given time is essentially a practical one, depending upon the relationship between the consignee, consignor, and carrier, the indicia of interstate commerce at the time the theft occurs, and the preservation of the congressional intent. *See* United States v. Maddox, 394 F.2d 297 (4th Cir. 1968).

This theft occurred before the consignee accepted the shipment, at a time when the railroad car was under seal on a track being patrolled by railroad agents. We conclude that the liquor was in interstate commerce at the time of the theft. Chapman v. United States, 151 F.2d 740 (8th Cir. 1945). *See* also Winer v. United States, 228 F.2d 944 (6th Cir. 1956); Sterling v. United States, 333 F.2d 443 (9th Cir. 1964).

Affirmed.