**UNITED STATES of America,**
**Plaintiff-Appellee,**
v.
**Angel Gebbia MARQUEZ, Jr.,**
**Defendant-Appellant.**
**No. 71-1258.**

United States Court of Appeals,
Ninth Circuit.

June 28, 1972.

Rehearing Denied Aug. 28, 1972.

---

* The Honorable Wm. M. Byrne, Sr., United States District Judge, Central District of California, sitting by designation.

Carl E. Stewart (argued), Orange, Cal., for defendant-appellant.

Barry Russell, Asst. U. S. Atty. (argued), David R. Nissen, Asst. U. S. Atty., Robert L. Meyer, U. S. Atty., Los Angeles, Cal., for plaintiff-appellee.

Before KOELSCH, DUNIWAY and CHOY, Circuit Judges.

PER CURIAM:

Appellant, Angel Gebbia Marquez, Jr., and several other persons, were convicted of possessing goods (704 television sets) stolen from a foreign shipment of freight, knowing the same to have been stolen. 18 U.S.C. § 659.

Neither of his contentions has merit.

█ 1. The record contains substantial evidence to support the jury's implied finding that Marquez had possession of the stolen goods: he not only actively participated in negotiating the sale of the sets to the government undercover agent, including the fixing of the price, but he also arranged for their delivery and gave directions to the truck drivers where to take them.

This dominion and control over the goods was sufficient to constitute constructive possession and bring him within the purview of the statute. United States v. Cousins, 427 F.2d 382 (9th Cir. 1970).

█ 2. If the jury had concluded that Marquez' possession of the sets had not been established and that he had merely assisted others who in fact possessed and exercised the power of dominion and control over them, then, of course, no basis would have existed for an inference that Marquez knew the sets were stolen and a finding of his guilt as one who "abets" [18 U.S.C. § 2 (a)] would have been impermissible, in the absence of proof on the issue.[1] However, the government did adduce such proof; according to the government's undercover agent, during the sale negotiations "Defendant Marquez made the statement that the sets were supposed to be colored (sic) sets, rather than black and white, but the people who stole them made a mistake and had not checked the manifest prior to stealing them, and in so doing they had ended up with black and white sets instead of color sets and he realized these were harder to get rid of and did not bring such a good price."[2]

Affirmed.

---

1. And we might add the giving of the "aiding and abetting" instruction would have been error as to Marquez.

2. The record also contains circumstantial evidence tending to show Marquez' knowledge. We merely point out the direct evidence.