**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Truman WILLIAMS,**
**Defendant-Appellant.**

**No. 75–2352.**

United States Court of Appeals,
Sixth Circuit.

Argued Oct. 4, 1976.

Decided Dec. 7, 1976.

Rehearing Denied Jan. 13, 1977.

Before PHILLIPS, Chief Judge, and EDWARDS and PECK, Circuit Judges.

PHILLIPS, Chief Judge.

Truman Williams was found guilty by a jury at his second trial for having unlawful possession of fifteen cans of herbicide which had been stolen while part of an interstate and foreign shipment of freight, in violation of 18 U.S.C. § 659.[1] Chief District Judge Bailey Brown imposed a three and one-half year prison sentence. Williams appeals. We affirm.

Three contentions are urged as grounds for reversal:

1) That the indictment failed to state an offense under 18 U.S.C. § 659 because it did not charge that the unlawfully possessed goods were taken from one of the places or facilities of transportation enumerated in the statute;

2) That there was insufficient evidence from which the jury could determine that any goods were unlawfully taken; and

3) That there was insufficient evidence that the goods allegedly stolen were part of an interstate or foreign shipment of freight.

The indictment charged Williams as follows:

> On or about May 11, 1974, in the Western District of Tennessee, Western Division, and divers other places to the Grand Jury unknown, TRUMAN WILLIAMS knowingly did have in his possession chattels of a value in excess of one hundred dollars ($100.00), that is, fifteen (15) five-gallon cans of Avadex chemical herbicide,

Gerald J. Neely, Absarokee, Mont., for defendant-appellant.

Thomas F. Turley, Jr., U.S. Atty., W. Hickman Ewing, Jr., Memphis, Tenn., for plaintiff-appellee.

1.     § 659.   *Interstate or foreign shipments by carrier;  State prosecutions*

Whoever embezzles, steals, or unlawfully takes, carries away, or conceals, or by fraud or deception obtains from any pipeline system, railroad car, wagon, motortruck, or other vehicle, or from any tank or storage facility, station, station house, platform or depot or from any steamboat, vessel, or wharf, or from any aircraft, air terminal, airport, aircraft terminal or air navigation facility with intent to convert to his own use any goods or chattels moving as or which are a part of or which constitute an interstate or foreign shipment of freight, express or other property;  or

Whoever buys or receives or has in his possession any such goods or chattels, knowing the same to have been embezzled or stolen;  .   .  ..

  *   *   *   *   *   *

Shall in each case be fined not more than $5,000 or imprisoned not more than ten years, or both;  but if the amount or value of such money, baggage, goods or chattels does not exceed $100, he shall be fined not more than $1,000 or imprisoned not more than one year, or both.

which had been unlawfully taken and carried away while the said chattels were a part of, and constituted an interstate and foreign shipment of freight and other property from Memphis, Tennessee, to Ontario, Canada, TRUMAN WILLIAMS then knowing said chattels to have been unlawfully taken and carried away, in violation of Title 18, United States Code, Section 659.

Appellant's challenge to the indictment is based on language used by this Court some forty years ago in *Wolkoff v. United States,* 84 F.2d 17 (6th Cir. 1936). The defendant in *Wolkoff* was indicted for knowingly receiving stolen goods under a predecessor statute to the statute here in question. The trial court dismissed the first prosecution on grounds that the indictment was faulty. A second indictment was brought and a conviction resulted. Wolkoff appealed, urging double jeopardy as a bar to his conviction under the second indictment. This court, addressing the double jeopardy question, reasoned there had been no former jeopardy under the first indictment because that indictment had been deficient:

> Two of the essentials of legal jeopardy are that the court have jurisdiction, and that the indictment be valid. Here the court had jurisdiction, but the first indictment was invalid. It failed to designate the place or vehicle from which the goods were stolen. Under title 18, section 409, U.S.C.A., this averment is a jurisdictional prerequisite. 84 F.2d at 17.

Six Circuits since *Wolkoff* have considered whether designation of one of the instrumentalities of commerce named in what is now 18 U.S.C. § 659 is a prerequisite to prosecution under that statute. The Third Circuit, in *United States v. Manuszak,* 234 F.2d 421 (3rd Cir. 1956), followed *Wolkoff* and held that an indictment under § 659 was a nullity where it did not specify a theft from one of the places or facilities named in the statute. More recently, the Second, Fourth, Fifth, Seventh and Ninth Circuits have rejected the strict specificity requirement indicated in *Wolkoff. See United States v. Gates,* 528 F.2d 1045 (5th

Cir., 1976); *United States v. Piet,* 498 F.2d 178 (7th Cir.), *cert. denied sub nom., Markham v. United States,* 419 U.S. 1069, 95 S.Ct. 655, 42 L.Ed.2d 664 (1974); *United States v. Spivey,* 448 F.2d 390 (4th Cir. 1971), *cert. denied,* 405 U.S. 927, 92 S.Ct. 976, 30 L.Ed.2d 799 (1972); *Dunson v. United States,* 404 F.2d 447 (9th Cir. 1968), *cert. denied,* 393 U.S. 1111, 89 S.Ct. 925, 21 L.Ed.2d 808 (1969); *United States v. Wora,* 246 F.2d 283 (2d Cir. 1957). This court, in *United States v. Prujansky,* 415 F.2d 1045, 1047 n. 1 (6th Cir. 1969), recognized the conflict among the circuits regarding the degree of specificity necessary to state an offense under § 659.

On this appeal, the Government has not explained why, as a matter of routine, the indictment against Williams did not state the place or facility from which the cans of herbicide were stolen. Presumably, this information was available to the Government and, in light of *Wolkoff,* it would have been a simple matter to have drafted the indictment in line with the apparent law of this Circuit.

Nevertheless, it is the opinion of this court that the indictment herein is not fatally defective. Appellant challenges the indictment for the first time on this appeal. Appellant has twice chosen not to avail himself of the procedures for challenging an indictment under F.R.Crim.P. 12(b)(2), and has twice foregone the opportunity to request a bill of particulars pursuant to Rule 7(f). No claim has been made that appellant was hampered in the preparation of his defense by the Government's failure to specify the place from which the goods in question were stolen. In fact, no such claim could be made because by the time of the trial giving rise to this appeal appellant had the benefit of knowing the Government's entire case as a result of a prior prosecution for the same offense which ended in a mistrial. Similarly, no argument is offered that appellant faces potential double jeopardy because of the omission in the indictment.

The specificity requirement suggested in *Wolkoff* and urged on this court by appel-

lant is hypertechnical and, as held in the cases cited above, is unwarranted in the context of prosecution under § 659. As the Ninth Circuit stated in *Dunson, supra:*

> The language of section 659 evidences a clear purpose to reach depredations affecting any conceivable instrumentality by which the interstate transportation of freight may be accomplished. There is nothing to suggest that the listing of interstate freight facilities in the statute was intended to be less than all-inclusive, i. e., that some interstate freight facilities were intended to be included and others excluded, and therefore the particular interstate freight facility pillaged was to be an element of the offense. 404 F.2d at 448–49.

Where, as here, the indictment informs the defendant he is charged with possession of chattels which "were part of, and constituted an interstate and foreign shipment of freight," the indictment does not fail to state an offense under § 659 merely because it does not enumerate further one of the statutory facilities or instrumentalities. The double jeopardy context of the language found in *Wolkoff* offers a basis for distinguishing that case from the instant appeal. We concur in the rule adopted by the majority of circuits and decline to follow the narrow language of *Wolkoff*. It cannot be said that the indictment herein failed to inform appellant of the offense for which he was charged and convicted. *See Russell v. United States, 369 U.S. 749, 82 S.Ct. 1038, 8 L.Ed.2d 240 (1962);* Hagner v. United States, *285 U.S. 427, 52 S.Ct. 417, 76 L.Ed. 861 (1932).*

We find no merit in appellant's contentions concerning the sufficiency of the evidence at trial. Rodney Lawrence, an employee on the loading dock from which defendant Williams obtained the stolen cans of herbicide, testified at length and in some detail about Williams' efforts to "buy" from the dock workers fifteen extra cans of herbicide at a small fraction of their value. A number of witnesses corroborated that the deal was concluded, the money paid by Williams, and that certain workers undertook to load extra cans on Williams' truck. The jury apparently resolved the conflicting testimony in favor of finding that the extra cans did come into defendant's possession.

Likewise, there is no merit to appellant's argument that the stolen cans of herbicide lacked interstate character at the time of the theft. The relationship between the business parties involved in the production and distribution of the herbicide, the nearly continuous consignment and movement of the finished cans, and the theft itself from the loading and shipping facilities of the producer are "indicia of interstate commerce" amply demonstrated by the Government at trial. *See United States v. Cousins,* 427 F.2d 382, 385 (9th Cir. 1970). *See also United States v. Astolas,* 487 F.2d 275, 279–80 (2d Cir. 1973); *United States v. Parent,* 484 F.2d 726, 729–31 (7th Cir. 1973); *United States v. Yoppolo,* 435 F.2d 625, 626 (6th Cir. 1970).

Affirmed.