95 F.3d 1158
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Joel Phillip ARGENTO, Defendant-Appellant.
 No. 95-50337.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 12, 1996.*
Decided Aug. 19, 1996.
 
 Before: FERNANDEZ and TASHIMA, Circuit Judges, and MERHIGE,** Senior District Judge.
 MEMORANDUM***
 Joel Phillip Argento appeals from his conviction for: (i) possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1); (ii) using and carrying a firearm during a drug trafficking crime, in violation of 18 U.S.C. § 924(c); and (iii) possession by a felon of firearms, in violation of 18 U.S.C. § 922(g)(1). The government concedes that Argento's conviction for using and carrying a firearm during a drug trafficking crime must be vacated, in light of Bailey v. United States, 116 S.Ct. 501 (1995). The only other issue raised by Argento is the sufficiency of the evidence on the remaining counts. Specifically, he contends that the evidence was insufficient to prove constructive possession of the drugs or the firearms.
 We affirm Argento's convictions on the first and third counts. In light of Bailey, we reverse the conviction on the second count and remand for re-sentencing. Because the district court and the parties are fully acquainted with the record, we need not preliminarily recite the evidence adduced at trial, particularly since the pertinent facts are set out in our discussion of Argento's challenge to the sufficiency of the evidence.
 ANALYSIS
 I. Standard of Review
 There is sufficient evidence to support a conviction if any rational trier of fact, after viewing the evidence in the light most favorable to the government and drawing all reasonable inferences, could have found the defendant guilty beyond a reasonable doubt of each essential element of the crime charged. United States v. Terry, 911 F.2d 272, 278 (9th Cir.1990); United States v. Savinovich, 845 F.2d 834, 837 (9th Cir.), (citing Jackson v. Virginia, 443 U.S. 307, 324 (1979)), cert. denied, 488 U.S. 943 (1988).
 II. Discussion
 To sustain a conviction for possession of methamphetamine with intent to distribute the government must prove beyond a reasonable doubt that: (i) the defendant knowingly possessed methamphetamine; and (ii) with an intent to distribute it. United States v. Ocampo, 937 F.2d 485, 488 (9th Cir.1991).
 To sustain a conviction for being a felon in possession of firearms, the government must prove beyond a reasonable doubt that: (i) the defendant knowingly possessed a firearm that had been transported from one state to another; and (ii) at the time the defendant possessed the firearm, he or she had been convicted of a crime punishable by imprisonment for a term exceeding one year. 18 U.S.C. § 922(g)(1); United States v. Sherbondy, 865 F.2d 996, 999-1001 (9th Cir.1988).
 Argento challenges the sufficiency of the evidence only with respect to the element of possession. We conclude that sufficient evidence was presented to allow a rational jury to find, beyond a reasonable doubt, that Argento had constructive possession of both the firearms and the drugs.
 Possession may be constructive, as well as actual, United States v. Grayson, 597 F.2d 1225, 1229 (9th Cir.), cert. denied, 444 U.S. 873 (1979), and may be proved by circumstantial evidence. United States v. Walker, 993 F.2d 196, 200 (9th Cir.) (quoting United States v. Castillo, 866 F.2d 1071, 1086 (9th Cir.1988)), cert. denied, 114 S.Ct. 276 (1993). Constructive possession has been defined as knowingly having both the power and intention at a given time to exercise dominion or control over the property. United States v. Cousins, 427 F.2d 382, 384 (9th Cir.1970). "To prove constructive possession, the government must prove 'a sufficient connection between the defendant and the contraband to support the inference that the defendant exercised dominion and control over the substance.' " Terry, 911 F.2d at 278 (quoting United States v. Disla, 805 F.2d 1340, 1350 (9th Cir.1986)). "The circumstances of each case must be examined to determine if there is 'such a nexus or relationship between the defendant and the goods that it is reasonable to treat the extent of the defendant's dominion and control as if it were actual possession.' " Terry, 911 F.2d at 278 (quoting Cousins, 427 F.2d at 384).
 In essence, Argento argues that the evidence did not show a strong enough connection between him and the contraband for the jury to find that he had constructive possession of the drugs and firearms. Specifically, he argues that he did not live at the residence where the contraband was found, and that he did not have exclusive access to the premises. He contends that presence alone is not enough to prove control over the objects in the house. Finally, Mr. Argento asserts that his confession was not truthful, being motivated only by his desire to protect his girlfriend.
 We reject these arguments. There is no dispute that large quantities of methamphetamine and three firearms were found in a residence at a time when Argento and his girlfriend, Barbara Orwig, were both present. Correctly, Argento asserts that mere proximity to the drug, mere presence, or mere association, without more, with the person who does control the drug or the property on which it is found, is insufficient to support a finding of possession. E.g., Disla, 805 F.2d at 1351. However, as we discuss below, the evidence against Argento showed much more than "mere presence" or "mere proximity."
 The jury had before it proof that Argento, at the time of his arrest, had confessed to possessing both the firearms and the drugs. Argento took the stand and testified that his confession was not truthful, and he explained that his motive was to protect his girlfriend. Nonetheless, a rational jury could have decided to give credibility to his earlier inculpatory statements and to disregard his later recantation. In fact, on a sufficiency of the evidence challenge, we must resolve all issues of credibility to support the verdict. United States v. Robinson, 967 F.2d 287, 292 (9th Cir.1992).
 Here, the confession alone is a sufficient basis for a rational jury to have found that the element of possession, on both counts, existed beyond a reasonable doubt.
 The remaining evidence only bolsters the conclusion that a rational jury could have found that Argento had constructive possession of the contraband. He was present in the bedroom in which three firearms, one of them an assault rifle in plain view, were found, and where methamphetamine itself was found. Although presence alone does not justify an inference of possession, it is a relevant fact which can be considered by the trier of fact, together with the rest of the evidence, when determining whether a person had constructive possession.
 Argento argues that he did not have access to the bedroom in which the methamphetamine laboratory was located (the "lab bedroom"). However, a rational jury could have reached a different conclusion. When staying with his girlfriend, Argento slept and stayed in the bedroom just across the hall from the lab bedroom (the "actual bedroom"). At the time of Argento's arrest, the laboratory in the lab bedroom was engaged in the process of washing methamphetamine. The lab bedroom door was open at the time the police found the room and strong odors emanated from the lab.
 To refute the inference that he had access to the lab bedroom, Argento suggests that a Mr. Armitage was the only person with access to that room. He asserts that he was afraid of Mr. Armitage. However, a rational jury could have disbelieved these statements. First, Argento testified that, prior to his arrest, he had not seen Mr. Armitage at the house for two or three days--yet, the lab was actively in operation when it was found. Second, Argento admitted that he introduced Mr. Armitage to Ms. Orwig so that Mr. Armitage could stay at her house. Third, in his confession, Argento admitted that he used to sell methamphetamine to Mr. Armitage and that, usually, after two or three days, Mr. Armitage would return to pay him.
 Additionally, Argento admitted that he knew how to manufacture methamphetamine and, in general, admitted familiarity with the process of manufacturing and washing methamphetamine. On cross-examination, Argento admitted to knowing that certain specific chemicals are used to make or purify methamphetamine, and to knowing certain facts about which he was asked concerning purification of methamphetamine and the marketability and street value of the drug.
 From the evidence relative to Argento's presence at the residence, the laboratory's operational status at the time of the search and its location in the house, the absence of Mr. Armitage and his relationship to Argento, and Argento's familiarity with the process of making methamphetamine, a rational jury could have inferred that Argento had access to the lab and was the person operating it. From this conclusion, a rational jury could have found beyond a reasonable doubt that Argento had constructive possession of the methamphetamine found at the house.
 There was even more evidence from which a rational jury could have inferred Argento's constructive possession of both the firearms and the methamphetamine. In the same bedroom where the firearms were found, various of his personal effects were also found, mixed in with the drugs, guns, and related materials. For example, the following items were found together in a brown file box, which itself was found in the actual bedroom: an empty envelope addressed to Argento, a pink envelope addressed to Argento, a receipt for a five-gallon canister of acetone (acetone is used in the manufacturing of methamphetamine), and a receipt for plastic baggies of various sizes. From this evidence, a rational jury could have inferred that Argento was the person who possessed the methamphetamine, bought the raw materials for its manufacture, and actually manufactured and distributed the drug.
 In addition, a black briefcase was found in the actual bedroom, which contained two envelopes and two separate accompanying personal letters addressed to Argento, as well as a dry cleaning receipt in his name. Together with these personal items, the briefcase contained a sawed-off portion of a long gun, a limited warranty for a firearm, an owner's manual for a pistol, a gun magazine, a gun pamphlet, a gun booklet, a receipt for five gallons of acetone, and a receipt for various sizes of Ziplock baggies. Again, from this evidence, a rational jury could have inferred that Argento had constructive possession of the firearms in the room, as well as of the methamphetamine in the house.
 Lastly, Argento argues that there was insufficient evidence of possession because of the lack of usable fingerprints on the firearms or on the laboratory equipment. A rational jury could have found this fact to be of no significance. To have possession of contraband, a person does not need to touch it. Moreover, a rational jury could have inferred that the defendant used rubber gloves when handling the contraband or when working at the lab. Rubber gloves were found at the house, and evidence was introduced to the effect that rubber gloves are used by individuals when processing methamphetamine, as protective gear from the harsh solvents used in the process and also to prevent leaving fingerprints.
 On the basis of the above explication of the evidence before the jury, we hold that a rational trier of fact could have concluded beyond a reasonable doubt that Argento had both the power and the intention to exercise dominion and control over both the firearms and the methamphetamine found at the residence; therefore, that he had constructive possession of these items.
 The convictions for possession with intent to distribute methamphetamine and for being a felon in possession of firearms are AFFIRMED. The conviction for using and carrying a firearm during a drug trafficking crime is REVERSED, and the case is REMANDED for resentencing.
 AFFIRMED in part, REVERSED in part, and REMANDED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 Honorable Robert R. Merhige, Jr., Senior United States District Judge for the Eastern District of Virginia, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3