**UNITED STATES OF AMERICA,**
**Plaintiff–Appellee,**

v.

**Ahmad Awad GHENEMAT,**
**Defendant–Appellant.**

No. 98–50319.

D.C. CR–96–00045–RT–01.

United States Court of Appeals,
Ninth Circuit.

**554**

Submitted March 8, 2001.*
Decided March 12, 2001.

Before ALARCÓN, BRUNETTI, and HAWKINS, Circuit Judges.

## MEMORANDUM **

Ahmad Awad Ghenemat appeals his conviction and sentence for possession of pseudoephedrine, knowing that it would be used to manufacture methamphetamine, in violation of 21 U.S.C. § 841(d)(2), on two grounds. First, he argues that the district court erred in denying his motion to set aside the verdict, because insufficient evidence existed to support the jury's finding that Ghenemat had constructive possession of pseudoephedrine. Second, he asserts an *Apprendi* error in his sentence, because the district court sentenced him based upon relevant conduct which the government did not prove at trial. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

■ Ample circumstantial evidence was presented at trial to show that Ghenemat had "both the power and intention at a given time to exercise dominion and control over the [pseudoephedrine]." *United States v. Earl,* 27 F.3d 423, 425 (9th Cir.1994)(quoting *United States v. Cousins,* 427 F.2d 382, 384 (9th Cir.1970)). "Where a defendant negotiates a sale and receives the purchase price, he has possession through dominion and control, even though delivery is made by another and there is no evidence the seller ever had actual possession." *Cellino v. United States,* 276 F.2d 941, 945 (9th Cir.1960). Here, Ghenemat orchestrated the negotiation and transaction, at one point claiming that he had the pseudoephedrine in his store; he repeatedly stated that the transaction could be arranged wherever and whenever the Agent wanted; and most importantly he controlled the manner in which the actual transaction occurred. Although Ghenemat did not have the drugs in his possession when he met the Agent, he had control over the people and vehicle which did. He flashed the lights of his car to order them to cross the street and meet the Agent and stated that his people understood what this signal meant. This evidence is sufficient to justify a finding by

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

the jury of constructive possession by Ghenemat.

Ghenemat asserts that his sentence is in violation of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), despite the fact that his sentence of 51 months is less than the lowest possible statutory maximum applicable for a violation of 21 U.S.C. § 841(d)(2). *Apprendi* has no application here, as *"Apprendi* dealt with the consideration of facts in sentencing enhancement beyond the statutory maximum." *United States v. Garcia–Sanchez,* 238 F.3d 1200, 1202 (9th Cir.2001).

AFFIRMED.