**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Joel Phillip ARGENTO, Defendant–Appellant.**

No. 01–56212.
D.C. Nos. CV–00–01298–AK, CR–94–00851–AK.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 18, 2002.*

Decided Dec. 2, 2002.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, appellant's request for oral argument is denied.

Before REINHARDT, RYMER and SILVERMAN, Circuit Judges.

## MEMORANDUM**

Federal prisoner Joel Phillip Argento appeals the district court's order denying his 28 U.S.C. § 2255 motion to vacate his 210–month sentence for possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841, and being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). We have jurisdiction pursuant to 28 U.S.C. § 2253(a). We vacate and remand for further proceedings.[1]

We previously set aside Argento's conviction for using and carrying a firearm during a drug trafficking crime, vacated his sentence and remanded for resentencing on his remaining convictions. *See United States v. Argento*, No. 95–50337, 1996 WL 471358 (9th Cir. Aug. 19, 1996) (unpublished memorandum disposition). Subsequently, Argento filed this § 2255 motion, contending that he received constitutionally deficient counsel at re-sentencing because counsel failed to request a downward departure based on his post-sentence rehabilitation.

It appears that despite *United States v. Gomez–Padilla*, 972 F.2d 284 (9th Cir. 1992), post-offense rehabilitation could arguably have formed a permissible basis for a downward departure at the time of Argento's re-sentencing in April 1997 because it was not a prohibited factor under the Sentencing Guidelines. *See Koon v. United States*, 518 U.S. 81, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996) (holding that only factors specifically prohibited by the Sentencing Guidelines cannot form the basis for a downward departure). On the record before us, therefore, we are unable to determine whether counsel's failure to request a departure for post-offense rehabilitation was a strategic choice or mere oversight, or whether reasonably competent counsel at the time of re-sentencing would have made the request in this case. In

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. The government contends for the first time on appeal that Argento's § 2255 motion was untimely. We do not address merits of that contention because the government failed to assert it initially in district court. *See United States v. Monreal*, 301 F.3d 1127, 1131 (9th Cir.2002).

addition, we are unable to determine whether there is a reasonable probability that the outcome would have been different had the request been made. Accordingly, we vacate and remand for further development of the record on the issues of performance and prejudice under *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

**VACATED AND REMANDED.**