MEMORANDUM **
The district court did not abuse its discretion in taking judicial notice of the state court judgment. Fed.R.Evid. 201(b); Lee *30 v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir.2001).
Similarly, we now take judicial notice of the Arizona Court of Appeals’ decision affirming Steve Bentley’s criminal conviction for possession of the weapons. “We may take judicial notice of court filings and other matters of public record.” Reyn’s Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n. 6 (9th Cir.2006). The facts as stated therein are dispositive.
The Arizona Court of Appeals’ opinion confirms that Steve Bentley “admitted having a key to the storage locker on his key ring” and that “the access code to the storage facility ... [was] in his wallet.” State v. Bentley, No. 1 CA-CR 09-0260, 2010 WL 2638504, at *1 (Ariz.Ct. App. July 1, 2010). Likewise, although the initial storage-locker agreement was signed solely by his father, Thomas Bentley, there was paperwork in Steve Bentley’s automobile “evidencing that Bentley was vacating [this initial] Unit ... and transferring the account to Unit 2160. The paperwork identified [Steve] Bentley and his father as [its] authorized users.” Id. at *2. The key, access code, and paperwork establish that Steve Bentley had access to and constructive possession of the weapons. United States v. Cousins, 427 F.2d 382, 384 (9th Cir.1970).
Ordinarily, we must accept a complaint’s factual allegations as true and construe them in the light most favorable to the plaintiffs for the purposes of deciding a motion to dismiss. Gompper v. VISX, Inc., 298 F.3d 893, 895 (9th Cir.2002). “However, we need not accept as true allegations contradicting documents that are referenced in the complaint or that ai*e properly subject to judicial notice.” Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 588 (9th Cir.2008). The doctrine of collateral estoppel bars us from re-litigating the factual dispute of whether Steve Bentley possessed the weapons. See Reyn’s Pasta Bella, 442 F.3d at 746 (quoting Kourtis v. Cameron, 419 F.3d 989, 994 (9th Cir.2005)). The jury found beyond a reasonable doubt that Steve Bentley, not Thomas Bentley, was in possession of the forfeited weapons. State v. Bentley, No. 1 CA-CR 09-0260, 2010 WL 2638504, at *2 (Ariz.Ct. App. July 1, 2010).
Had the weapons been pledged as collateral to secure Thomas Bentley’s loan to his son, then a possessory lien might compel a different result. See United States v. Casterline, 103 F.3d 76, 79 (9th Cir.1996) (“Ownership without physical access to, or dominion and control over, the firearm does not constitute possession. If the felon owns a firearm, but does not actually possess or have dominion and control over it, then he does not possess the firearm for purposes of 18 U.S.C. § 922(g).”). The pledgor does not possess the property he pawned, unless and until the pawnshop releases it. But Steve Bentley retained actual or constructive possession of the guns.
In light of Steve Bentley’s previous convictions and admissions, he has no legal right to possess these weapons and they are therefore contraband. 18 U.S.C. § 922(g). We decline to accept the Bent-leys’ suggestion that the district court must allow them to amend, because no amendment could save their claim. Steck-man v. Hart Brewing, Inc., 143 F.3d 1293, 1298 (9th Cir.1998).
We also assume, without deciding, that the ATF’s notice to the father, Thomas Bentley, was constitutionally inadequate. Taylor v. Westly, 488 F.3d 1197, 1201 (9th Cir.2007). But even if we treated the father as having made a timely claim against the ATF for the seized weapons, his claim would still fail because his alleged security interest, perfected neither by recording nor by possession, would be subordinate to the government’s claim. A.R.S. § 47-9313. Nor can Thomas Bent *31 ley fit within 18 U.S.C. § 983(d)’s “innocent owner” exception, because he had knowledge “of the conduct giving rise to forfeiture” when he allowed his son to possess or constructively possess the guns. 18 U.S.C. § 983(d)(2)(A)(i).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.