NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

OCT 24 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-10062 |
| Plaintiff-Appellee, | D.C. No. 2:20-cr-00148-JAD-BNW-1 |
| v. | |
| DONNELL HENRY, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Jennifer A. Dorsey, District Judge, Presiding

Submitted October 11, 2024**
Las Vegas, Nevada

Before: BEA, BENNETT, and MILLER, Circuit Judges.

Defendant-Appellant Donnell Henry appeals his jury convictions for

distribution of methamphetamine, 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(viii), and

for being a felon in possession of a firearm, 18 U.S.C. §§ 922(g) and 924(a)(2). He

presses three arguments: insufficiency of the evidence as to both counts, a violation

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

of his Sixth Amendment right to confrontation, and a violation of his Sixth Amendment right to a speedy trial. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm Henry's convictions.

1. *Sufficiency of the evidence.* We review an insufficiency-of-the-evidence claim for plain error where the Defendant did not move for acquittal under Federal Rule of Criminal Procedure 29 both during and after the trial. *United States v. Ross*, 338 F.3d 1054, 1057 (9th Cir. 2003); *United States v. Alvarez-Valenzuela*, 231 F.3d 1198, 1200–01 (9th Cir. 2000). Henry did not move for acquittal on Count I (methamphetamine distribution), and moved for acquittal on Count II (felon in possession of a firearm) during, but not after, trial. Plain error therefore applies to both Counts. We assume that the jury resolved any evidentiary conflicts in the government's favor, and then determine whether the evidence was sufficient for any rational trier of fact to find the essential elements of the crime beyond a reasonable doubt. *United States v. Nevils*, 598 F.3d 1158, 1164 (9th Cir. 2010) (en banc).

Sufficient evidence supported the jury's verdict as to Count I. Henry argues on appeal that, viewing the evidence in the light most favorable to the government, the evidence established, at most, that "Henry was merely present at the time of the incidents and/or believed he was assisting [] Godfrey, the confidential informant, in setting up other individuals in exchange for money." Henry testified at trial that he "reasonably believed he was cooperating with an ongoing federal investigation"

2

when he took part in the sale of the methamphetamine with Godfrey and Agent Yun. But "the assessment of the credibility of witnesses is generally beyond the scope of [appellate] review." *Schlup v. Delo*, 513 U.S. 298, 330 (1995) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). Henry's argument that the jury should have credited his testimony that he reasonably believed he was cooperating with a federal investigation is therefore of no merit. For the same reason, we reject Henry's argument that the jury should have recognized that "[t]he more logical scenario is that Agent Yu[n] received the methamphetamine from [] *Godfrey*, [not Henry,] after [Godfrey] retrieved it from his jacket." But Godfrey testified that "[Henry] hand[ed] me [two] ounces of crystal meth." Again, the jury was entitled to credit that testimony, along with Godfrey's and Agent Yun's testimony that Henry gave them methamphetamine in exchange for money. We thus reject the claim of insufficiency of the evidence and affirm as to Count I.

Sufficient evidence also supported Henry's conviction on Count II. First, Henry is incorrect that the abstracts of judgment introduced by the government were legally insufficient to establish that Henry was a convicted felon. We have previously held that a district court "may rely on clerk minute orders that conform to" certain procedures that help ensure their reliability, for example, being "prepared by a court official" responsible for recording proceedings accurately at the time the conviction is entered. *United States v. Snellenberger*, 548 F.3d 699, 702 (9th Cir.

3

2008) (en banc), *abrogated on other grounds by Young v. Holder*, 697 F.3d 976, 986 (9th Cir. 2012) (en banc). The abstracts of judgment clearly meet these procedural requirements, because they are "contemporaneous, statutorily sanctioned, officially prepared clerical record[s] of the conviction and sentence" that are "cloaked with a presumption of regularity and reliability." *People v. Delgado*, 183 P.3d 1226, 1234 (Cal. 2008) (emphasis omitted). The first abstract of judgment stated that on June 24, 2004, Henry was convicted by a California Court of "1st Degree Burglary" and sentenced to two years in prison. The second stated that on August 23, 2011, Henry was convicted of keeping or maintaining a place to sell controlled substances and sentenced to two years in prison. The abstracts of judgment therefore established beyond a reasonable doubt that Henry was a convicted felon at the time he possessed the firearm in question.

Second, we reject Henry's argument that the government did not adduce sufficient evidence to prove that Henry *knew* he was a convicted felon. *See Rehaif v. United States*, 588 U.S. 225 (2019). Henry's basis for this argument is that he testified at trial "that he never served more than one year in custody." But again, the jury was under no obligation to credit Henry's testimony. And Henry "faces an uphill climb" to argue that he was unaware of his felony status, because the court can typically assume that one does not simply forget that he is a convicted felon. *Greer v. United States*, 593 U.S. 503, 508 (2021). Henry offers nothing outside of

4

his own testimony that tends to cast doubt on his knowledge of his felony status. And the government points out that it introduced a document that "Henry signed and initialed stating that federal law prohibits felons from possessing firearms." That document and others, including prison records, were more than sufficient for the jury to discredit Henry's testimony and conclude beyond a reasonable doubt that he knew he had been convicted of a felony.

Lastly, we conclude that the government adduced sufficient evidence to prove that Henry "constructively possessed" the firearm in question. Constructive possession means "a sufficient connection between the defendant and the contraband to support the inference that the defendant exercised dominion and control over the firearms." *United States v. Carrasco*, 257 F.3d 1045, 1049 (9th Cir. 2001) (quoting *United States v. Gutierrez*, 995 F.2d 169, 171 (9th Cir. 1993)). Henry orchestrated and participated in the sale of the firearm in question, including by directing Agent Yun to the sale location, instructing his accomplice to produce the firearm for Agent Yun to purchase it, "motivat[ing] the transaction to go faster," and accepting payment from Agent Yun when he took possession of the firearm. These facts are sufficient to establish constructive possession under our precedents because they establish that Henry "was no mere intermediary or innocent person at the scene of illicit activity, but rather an active participant, if not the principal, in the sale and delivery." *United States v. Nungaray*, 697 F.3d 1114, 1117 (9th Cir. 2012) (quoting

*United States v. Cousins*, 427 F.2d 382, 384 (9th Cir. 1970) (upholding conviction for constructive possession of contraband whiskey when defendant arranged the delivery)). We thus affirm as to Count II.

2. *Confrontation.* Henry argues that the district court committed plain error in violation of his right to "face-to-face" confrontation when it did not *sua sponte* order Godfrey, the government's confidential informant, to remove the face mask he wore during his testimony because of COVID-19 restrictions. Henry concedes that he did not object to Godfrey wearing a mask at trial and that plain error review therefore applies. *United States v. Matus-Zayas*, 655 F.3d 1092, 1098 (9th Cir. 2011). Under plain error review, Henry can prevail only if the error about which he complains "is so clear-cut, so obvious, a competent district judge should be able to avoid it without benefit of objection." *United States v. Zalapa*, 509 F.3d 1060, 1064 (9th Cir. 2007) (quoting *United States v. Smith*, 424 F.3d 992, 1002 (9th Cir. 2005)). That is hardly the case here—Henry cites not a single case where a court has held that allowing a witness to wear a mask to prevent the spread of COVID-19 violated the Confrontation Clause, and the government cites a group of cases to the contrary. We therefore decline to adopt Henry's argument for the first time in this appeal, particularly on plain error review.

3. *Speedy trial.* We reject Henry's final argument, that the district court violated his constitutional right to a speedy trial by ordering two continuances that

6

delayed the trial fourteen months past the original indictment.[1]  In assessing that argument, we consider (1) "[t]he [l]ength of [the] delay," (2) "the reason for the delay," (3) "the defendant's assertion of his right," and (4) "prejudice to the defendant." *Barker v. Wingo*, 407 U.S. 514, 530 (1972).  The parties agree that the fourteen-month delay here is sufficient to trigger the *Barker* inquiry, which is consistent with this Circuit's precedents.  *See, e.g.*, *United States v. Gregory*, 322 F.3d 1157, 1162 n.3 (9th Cir. 2003) (recognizing a "general consensus" among the circuits that "eight months constitutes the threshold minimum").

Under the *Barker* factors, we find no violation of Henry's speedy trial right. The district court's reasons for the continuances were (1) COVID-19 restrictions and (2) the need to allow Henry's new counsel time to prepare for trial.  Neither reason weighs against the government.  We have previously held that COVID-related delays do not weigh against the government. *United States v. Walker*, 68 F.4th 1227, 1238 (9th Cir. 2023) ("The pandemic, not the prosecution, caused the delay."); *United States v. Olsen*, 21 F.4th 1036, 1049 (9th Cir. 2022) (reversing dismissal of indictment on speedy trial grounds where pandemic caused delay).  Furthermore, the second continuance was granted at the request of *Henry's* counsel, not the government, which forecloses any argument that the reason for the second

---

[1] Henry argues a speedy trial violation only under the Sixth Amendment, and he does not advance an argument under the Speedy Trial Act, 18 U.S.C. § 3161 *et seq*.

7

continuance weighs against the government. *Vermont v. Brillon*, 556 U.S. 81, 92–93 (2009) (holding delay attributable to court-appointed counsel does not weigh against the government). Even though Henry himself objected to his counsel seeking the continuance, he did not request to proceed pro se, and therefore he presents no reason not to attribute his counsel's actions to him. Therefore, the reason for delay factor weighs against Henry.

Nor does Henry demonstrate any prejudice resulting from the continuances. He argues that the delay might have "prevent[ed] his witnesses from out of state from attending the trial, and the phone records [of calls between him and Godfrey] would no longer be available." But Henry does not identify what witnesses became unavailable. To the extent that Henry argues that phone records would have shown that Godfrey spoke with him outside of Agent May's presence and promised him things during those conversations, Henry had a full opportunity to cross examine Godfrey. Henry thus cannot demonstrate prejudice, and the continuances therefore did not violate Henry's right to a speedy trial.

**AFFIRMED.**