**Ronald R. SHAW, Petitioner-Appellee,**

v.

**Sheriff WINTERS,**
**Respondent-Appellant.**

**No. 85–2285.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 10, 1986.

Decided Aug. 11, 1986.

Opinion on Rehearing Sept. 5, 1986.

Ronald R. Shaw, pro. per.

Blair W. Hoffman, San Francisco, Cal., for respondent-appellant.

Before MERRILL, CHOY and KENNEDY, Circuit Judges.

MERRILL, Circuit Judge:

The State of California appeals from the grant of Ronald R. Shaw's petition for habeas corpus.

As part of an undercover operation aimed at dealers in stolen property, San Jose Police Officer James L. Emmons became a regular customer at the bar that Shaw operated. Shaw introduced Emmons to someone who sold Emmons some steeply discounted suits of clothing. Emmons in turn sold Shaw a microwave oven for a fraction of its value.

Over a period of several months, Emmons sold Shaw food stamps at forty per cent of their face value. Emmons took the lead in offering the stamps and in arranging the sales. He told Shaw that the stamps were stolen but that Shaw would have "no problem" with them. Emmons also gave Shaw some hints on how to pass the stamps. While there is no evidence

that Shaw had dealt in food stamps before, once they were available he purchased them willingly and without pressure.

On the food stamp purchases, a California jury found Shaw guilty of attempting to receive stolen property. Cal.Penal Code §§ 664, 496 (West 1986).[1] The jury also convicted him of unauthorized possession of food stamps. Cal.Welf. & Inst.Code § 10980 (formerly Cal.Penal Code § 396). It rejected his state law entrapment defense. These convictions were affirmed in the state courts. The district court, relying on the state court trial record, granted Shaw's federal habeas corpus petition. It ruled that Emmons' tactics constituted "outrageous government conduct," barring prosecution under the due process clause.

We reverse. Government conduct is "outrageous" so as to preclude prosecution only when it is a violation of "fundamental fairness, shocking to the universal sense of justice." *United States v. Russell,* 411 U.S. 423, 432, 93 S.Ct. 1637, 1643, 36 L.Ed.2d 366 (1973), *quoting Kinsella v. United States,* 361 U.S. 234, 246, 80 S.Ct. 297, 303, 4 L.Ed.2d 268 (1960). *See United States v. Bogart,* 783 F.2d 1428, 1432 (9th Cir.1986); *United States v. Bagnariol,* 665 F.2d 877, 881–83 (9th Cir.1981) (per curiam), *cert. denied,* 456 U.S. 962, 102 S.Ct. 2040, 72 L.Ed.2d 487 (1982). A defendant who fails to show entrapment can still claim "outrageous conduct," but only "if he was subjected to police conduct repugnant to the American system of justice." *United States v. Lomas,* 706 F.2d 886, 891 (9th Cir.1983), *cert. denied,* 464 U.S. 1047, 104 S.Ct. 720, 79 L.Ed.2d 182 (1984).

The police conduct here was not so shocking as to violate this standard. Government agents are permitted to assume false identities in order to gain the confidence of their targets. *United States v. Marcello,* 731 F.2d 1354, 1357 (9th Cir. 1984). They may supply the contraband which is at the heart of the offense. *Hampton v. United States,* 425 U.S. 484, 96 S.Ct. 1646, 48 L.Ed.2d 113 (1976)

1. On this appeal, Shaw claims that his purchases were not criminal because the food stamps were not actually stolen. This is a state law question decided adversely to him by the state courts, and the district court properly ruled against him on this point. Under California law, one who

buys property in the mistaken belief that it is stolen commits the offense of attempting to receive stolen property. *People v. Rojas,* 55 Cal.2d 252, 358 P.2d 921, 10 Cal.Rptr. 465 (1961); *Shadle v. City of Corona,* 96 Cal.App.3d 173, 180, 157 Cal.Rptr. 624, 628 (1979).

(government may supply the illegal drug which the defendants are convicted of selling). In playing out their undercover roles, such agents may "coach" their willing suspects. *United States v. Williams,* 705 F.2d 603, 620 (2d Cir.), *cert. denied,* 464 U.S. 1007, 104 S.Ct. 524, 78 L.Ed.2d 708 (1983). Emmons did not transgress permissible bounds.

Other courts have rejected the "outrageous conduct" defense in food stamp "sting" cases. *United States v. Lambinus,* 747 F.2d 592, 595–96 (10th Cir.1984), *cert. denied,* —— U.S. ——, 105 S.Ct. 2143, 85 L.Ed.2d 500 (1985); *United States v. Salazar,* 720 F.2d 1482, 1488 (10th Cir. 1983), *cert. denied,* —— U.S. ——, 105 S.Ct. 789, 83 L.Ed.2d 783 (1985); *United States v. Parisi,* 674 F.2d 126 (1st Cir.1982). The "most effective way to catch and deter retailers or others who would deal in bulk in stolen food stamps may be for the government itself to provide the stamps to the willing buyers." *Parisi, supra,* 674 F.2d at 127. We agree with and apply that reasoning here. *See also United States v. Abushi,* 682 F.2d 1289, 1297 n. 4 (9th Cir. 1982).

Shaw relies on the only two cases where federal appellate courts have upheld the "outrageous government conduct" defense. *United States v. Twigg,* 588 F.2d 373 (3rd Cir.1978); *Greene v. United States,* 454 F.2d 783 (9th Cir.1971). The police involvement in the illegal activity here was not as long or deep as it was in those cases.[2]

REVERSED.

## ORDER

The petition for rehearing is denied.

The earlier case, *Shaw v. California Department of Alcoholic Beverage Control,* 788 F.2d 600 (9th Cir.1986), does not involve the food stamp sales at issue in the present habeas corpus case. *See id.* at 610. That case involved charges of racially motivated harassment that are not at issue in the present case. The record in the present case, including the transcript of Ronald Shaw's trial for attempted receipt

of stolen property and unauthorized possession of food stamps, contains no evidence of racial discrimination. The result in the present case has no bearing on the merits of the Shaws' lawsuit under 42 U.S.C. § 1983 (1982), in which they are free to proceed in accordance with this court's opinion published at 788 F.2d 600.

---

**2.** In deciding this appeal, we have independently examined the state court trial record. *Pierre v. Thompson,* 666 F.2d 424, 427–28 (9th Cir. 1982). We presume the factual findings of the state appellate court in this case to be correct, 28 U.S.C. § 2254(d) (1982); *Sumner v. Mata,*

449 U.S. 539, 101 S.Ct. 764, 66 L.Ed.2d .722 (1981), although, like the district court, we have noted certain facts that the state court did not mention. *Brewer v. Williams,* 430 U.S. 387, 396–97, 97 S.Ct. 1232, 1238, 51 L.Ed.2d 424 (1977).