886 F.2d 334
 Unpublished Disposition
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 
 UNITED STATES of America, Plaintiff/Appellee,
v.
Roland Joseph HARVIEUX, Defendant/Appellant.
UNITED STATES of America, Plaintiff/Appellee,
v.
Paul Boghaus BABIAN, Defendant/Appellant.
 No. 88-1065.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 18, 1989.
Decided Sept. 18, 1989.
 Before SCHROEDER, PREGERSON, and WILLIAM A. NORRIS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Roland Joseph Harvieux and Paul Boghaus Babian appeal their convictions, after a jury trial, for conspiracy to pass a forged document and producing a false identification document. Harvieux contends that the district court erred in failing to find that he was the victim of government entrapment and outrageous government conduct. Babian contends that the district court erred in failing to find that Babian was the victim of outrageous government conduct; that the district court abused its discretion when it denied Babian's motion to strike his middle name, "Boghaus," from the pleadings; and that Babian's confession was involuntary.
 
 DISCUSSION
 I. The Entrapment Claim
 
 3
 Harvieux contends that the district court erred in failing to find that he was entrapped by the government as a matter of law.
 
 
 4
 We have set forth several factors that must be considered in determining whether a defendant was an otherwise innocent person in whom the government implanted a criminal design. These factors include: (1) the character or reputation of the defendant, including any prior criminal record; (2) whether the suggestion of the criminal activity was initially made by the government; (3) whether the defendant was engaged in the criminal activity for profit; (4) whether the defendant evidenced reluctance to commit the offense, overcome only by repeated government inducement or persuasion; and (5) the nature of the inducement or persuasion supplied by the government. United States v. Reynoso-Ulloa, 548 F.2d 1329, 1336 (9th Cir.1977), cert. denied, 436 U.S. 926 (1978). While none of these factors alone indicates either the presence or absence of a predisposition, the most important factor is whether the defendant showed reluctance to engage in criminal activity which was overcome by repeated government inducement. Id.
 
 
 5
 While Lackey, as an agent of the government, did reinitiate contact with Harvieux after he told her that he wanted no more to do with her, she was under instructions not to bring up the check, but only to apologize to him. It was Harvieux who brought up the check again, asking if Lackey still needed help obtaining false identification. This discussion shows neither a reluctance to become involved on Harvieux's part nor undue persuasion on Lackey's part. In addition, he did not merely tell Lackey who to contact. He arranged the meeting with Babian and he supplied the tools that were used to alter the identification.
 
 
 6
 Looking at all of the factors set forth in Reynoso-Ulloa, we find that Harvieux was not entrapped by the government in this case.
 
 II. The Outrageous Government Conduct Claims
 
 7
 Harvieux and Babian contend that the district court erred in failing to find that they were the victims of outrageous government conduct, in violation of the due process clause.[1]
 
 
 8
 The government in this case did not create or maintain the criminal enterprise. It simply intercepted and perpetuated an already existing criminal venture. See United States v. Bogart, 783 F.2d 1428, 1437 (9th Cir.), vacated in part on other grounds sub nom. United States v. Wingender, 790 F.2d 802 (9th Cir.1986) (where charged criminal enterprise is already in progress at time government agents became involved, outrageous conduct defense is not available); see also Shaw v. Winters, 796 F.2d 1124, 1125 (9th Cir.1986) (government agents are permitted to assume false identities to gain confidence of their targets, and may supply contraband which is at heart of offense).
 
 
 9
 Because the government conduct did not amount to the fabrication of a new crime to ensnare Harvieux and Babian, their claim of outrageous government conduct must fail.
 
 
 10
 III. Failure to Strike Babian's Middle Name from the Pleadings
 
 
 11
 Babian contends that the district court erred in refusing to strike his middle name, "Boghaus," from the pleadings. Babian argues that his middle name looks and sounds so much like the word "bogus" that the jury could have fixated on his middle name as an indication of guilt. However, Babian fails to show that he was prejudiced in any way by use of his middle name in the pleadings. We therefore find that the district court did not abuse its discretion by refusing to strike Babian's middle name from the pleadings.
 
 IV. Voluntariness of Babian's Confession
 
 12
 Babian contends that his confession should have been excluded from the trial because it was involuntary. Babian argues that his recent hospitalization; his unexplained weight loss that he later learned was caused by infection with the AIDS virus; and his fears about being unable to care for Howard Conkle, an elderly man who had been in Babian's care for 23 years,[2] combined with an alleged threat by the police about Babian's potential prison term, rendered his confession involuntary.
 
 
 13
 In light of the testimony at the evidentiary hearing regarding Babian's physical and mental state and regarding the officers' conduct, and in light of the district court's opportunity to gauge the credibility of the witnesses, see Johnson v. United States Postal Service, 756 F.2d 1461, 1464 (9th Cir.1985) (special deference is given to a district court's credibility findings), we find that the district court did not err in concluding that the government had proved by a preponderance of the evidence that Babian's statement was voluntary. See United States v. Lewis, 833 F.2d 1380, 1388 (9th Cir.1987).
 
 
 14
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Initially, the government questions whether this claim is properly before us. The government states that Harvieux and Babian failed to move for judgment of acquittal pursuant to Fed.R.Crim.P. 29. See United States v. Curtis, 568 F.2d 643, 647 (9th Cir.1978) (if no motion for judgment of acquittal is made at trial, defendant is precluded from challenging sufficiency of evidence on appeal). However, because Harvieux and Babian are not challenging the sufficiency of the evidence, but instead are arguing that the government's conduct should bar their prosecution, their failure to move for judgment of acquittal does not foreclose review of this issue
 
 
 [2]
 Babian compares his situation with respect to Conkle to the case of United States v. Tingle, 658 F.2d 1332, 1337 (9th Cir.1981), in which we held that the defendant's confession was involuntary due to the questioning officer's statement that if the defendant did not cooperate she would not see her two year old child for a long time. We found that, in light of the fundamental value placed on the parent-child relationship in our society, the officer's deliberate preying on the defendant's maternal instincts constituted unacceptable psychological coercion. Id. at 1336-37. Babian's reliance on Tingle is misplaced. First, Tingle involved the unique circumstances of the parent-child relationship and, second, there is no evidence that the police even knew of Conkle's existence, much less that the questioning officer used Babian and Conkle's relationship to coerce Babian into confessing