**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Harpal Singh AHLUWALIA,
Defendant–Appellant.**

**No. 93–10574.**

United States Court of Appeals,
Ninth Circuit.

Submitted July 15, 1994 *.

Decided July 25, 1994.

Robert Waggener, Tamburello, Hanlon & Waggener, San Francisco, CA, for defendant-appellant.

Kent Walker, Marcia Jensen, Asst. U.S. Attys., San Francisco, CA, for plaintiff-appellee.

Before: FERNANDEZ, RYMER, and T.G. NELSON, Circuit Judges.

PER CURIAM:

Harpal Singh Ahluwalia appeals the conviction entered on his conditional plea of guilty to conspiracy to bribe a public official, 18 U.S.C. § 371. He bribed Gregory Ward, the Chief Legalization Officer at the Salinas office of the Immigration and Naturalization Service, to get temporary work authorization cards (TWACs). The district court denied Ahluwalia's motion to dismiss the indictment on the ground of outrageous government conduct in a published opinion. *United States v. Ahluwalia*, 807 F.Supp. 1490, 1497–1500 (N.D.Cal.1992). The facts are set out in that opinion, *id.* at 1492–94, and we do not repeat them. We have jurisdiction, 28 U.S.C. § 1291; 18 U.S.C. § 3742, and reviewing the district court's conclusion de novo, *United States v. Garza–Juarez*, 992 F.2d 896, 903 (9th Cir.1993), *cert. denied*, —— U.S. ——, 114 S.Ct. 724, 126 L.Ed.2d 688 (1994), we affirm.[1]

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34–4.

1. In affirming, we do not endorse the district court's use of the 22–factor test set out in *United*

"for a due process dismissal, the Government's conduct must be so grossly shocking and so outrageous as to violate the universal sense of justice." *United States v. Smith,* 924 F.2d 889, 897 (9th Cir.1991). "This defense is similar to that of entrapment and may be applied where involvement by undercover police officers or informers in contraband offenses is so extensive that due process prevents the conviction of even a predisposed defendant." *United States v. Citro,* 842 F.2d 1149, 1152–53 (9th Cir.), *cert. denied,* 488 U.S. 866, 109 S.Ct. 170, 102 L.Ed.2d 140 (1988). However, "[t]he Government's involvement must be *malum in se* or amount to the engineering and direction of the criminal enterprise from start to finish." *Smith,* 924 F.2d at 897.

This is "an extremely high standard." *Id.* Only once have we ordered dismissal of an indictment on account of outrageous government conduct, *Greene v. United States,* 454 F.2d 783 (9th Cir.1971).

The facts here fall short of the mark that our prior cases establish. *See Smith,* 924 F.2d at 897 (collecting cases). The FBI started to investigate only upon learning that an attempt to bribe Ward had been made. Ahluwalia argues that even if the government conduct at the outset was not outrageous, it reached that level when he appeared on the scene during the four-day period in late September 1990 after the FBI had expanded the investigation to anyone who tried to bribe Ward. However, the government did no more in Ahluwalia's case than make the opportunity available. He approached Ward, and tried to get TWACs by bribery.

Ahluwalia also argues that this case is unique because the government itself distributed the TWACs. That is not dispositive, however, as it is not uncommon in undercover investigations for the government to control the distribution of the fruits of the criminal activity. *See, e.g., Shaw v. Winters,* 796 F.2d 1124, 1126 (9th Cir.1986) (no due process violation where government supplied food stamps in sting operation), *cert. denied,*

*States v. Myers,* 527 F.Supp. 1206 (E.D.N.Y. 1981).

481 U.S. 1015, 107 S.Ct. 1891, 95 L.Ed.2d 498 (1987).

**AFFIRMED.**