133 F.3d 927
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
David Michael HARRINGTON, Sr., Petitioner-Appellant,
v.
Samuel A. LEWIS, Director; Arizona Attorney General,
Respondents-Appellees.
 No. 96-16903.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 15, 1997.**
Decided Dec. 19, 1997.
 
 Before: SNEED, LEAVY, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Arizona state prisoner David Michael Harrington, Sr. appeals pro se the denial of his 28 U.S.C. § 2254 petition. We have jurisdiction under 28 U.S.C. § 2253. We review de novo, see Calderon v. Prunty, 59 F.3d 1005, 1008 (9th Cir.1995), and affirm.
 
 I. Outrageous Government Conduct
 
 3
 Harrington contends that the State's use of a confidential informant.to solicit his participation in the cocaine smuggling operation amounted to outrageous government conduct in violation of his due process rights. We agree with the district court that the government's conduct was not so grossly shocking or outrageous as to violate the universal sense of justice. See Shaw v. Winters, 796 F.2d 1124, 1125 (9th Cir.1986).
 
 II. Ineffective Assistance of Counsel
 
 4
 Harrington contends that his counsel was ineffective for failing to move to suppress the cocaine seized from his van because it was the product of a search incident to the driver's illegal arrest. We disagree. Based on the informant's tip and police surveillance indicating that the van contained cocaine, the police had probable cause to arrest the driver and search the van incident to his arrest even though the grand jury subsequently found no probable cause to indict him. See New York v. Belton, 453 U.S. 454, 460 (1981). Accordingly, counsel was not ineffective for failing to move to suppress the cocaine. See Strickland v. Washington, 466 U.S. 688, 697 (1984).
 
 III. Jury Impartiality
 
 5
 Harrington contends that he was denied his Sixth Amendment right to a fair and impartial jury because the emotional statements of some of the venirepersons during voir dire regarding the use of drugs tainted the entire jury panel. Because nothing in the record rebuts the presumption of correctness of the state court's finding that the jury was impartial, this claim fails. See Patton v. Yount, 467 U.S. 1025, 1036 (1984).
 
 IV. Prosecutorial Misconduct
 
 6
 A. Improper Comment on Harrington's Failure to Testify
 
 
 7
 Harrington contends that the prosecutor commented on his failure to testify in violation of the Fifth Amendment. We disagree. After the prosecutor made a comment during closing argument which indirectly referred to Harrington's failure to testify, the court informed the jury that the comment was improper and gave a curative instruction. Because the comment was an isolated incident, did not stress an inference of guilt from Harrington's silence as a basis of conviction, and was followed by a curative instruction, it does not warrant federal habeas relief. See Lincoln v. Sunn, 807 F.2d 805, 809 (9th Cir.1987).
 
 
 8
 B. Presentation of False and Misleading Testimony Harrington also contends that the prosecutor presented trial testimony from Lieutentant Dick which was false and misleading because it contradicted pretrial statements that Harrington, and not his son, accepted the $20,000 payment for the cocaine. This contention lacks merit. Both versions supported the State's case because Harrington and his son were joined as codefendants. Furthermore, nothing in the record indicates that the prosecutor knew which story was accurate. See Bonin v. Calderon, 59 F.3d 815, 844 (9th Cir.1995) (quoting United States v. Endicott, 869 F.2d 452, 455 (9th Cir.1989) (stating that admission of false testimony does not warrant habeas relief unless the prosecutor knew testimony was false and "there is any reasonable likelihood that the false testimony could have affected the jury verdict.").[1]
 
 
 9
 Harrington also contends that his due process rights were violated in the grand jury proceeding when the prosecutor elicited false and misleading testimony from Officer Wade that he did not know the identity of the "load" plane pilot. We disagree because the testimony was not material to Harrington's indictment. See United States v. Sitton, 968 F.2d 947, 954 (9th Cir.1992) (citing Smith v. Phillips, 455 U.S. 209, 220 n. 10 (1982).
 
 
 10
 Harrington also contends that the prosecutor elicited "inherently improbable" trial testimony from Officer Wade. We agree with the district court that Harrington procedurally defaulted on this claim. See Roettgen v. Copeland, 33 F.3d 36, 38 (9th Cir.1994) (per curiam); Ariz. R.Crim. P. 32.4(a) (West 1996).[2]
 
 
 11
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4. Westlaw Only
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Harrington also contends that counsel was ineffective for failing to impeach Lieutenant Dick on this issue. This contention lacks merit because there is substantial evidence to convict Harrington absent Dick's testimony. See Strickland, 466 U.S. at 697 (providing that ineffective assistance of counsel claims may be disposed of solely for lack of prejudice)
 
 
 [2]
 Harrington contends that all of his claims should be considered exhausted because the Clerk of Pima County Superior Court allegedly lost exhibits submitted by Harrington in support of his petition for post-conviction relief. We reject this contention because the two procedurally barred claims are totally unrelated to anything contained in the exhibits. Furthermore, we reject Harrington's contention that his due process rights were violated by the alleged loss of the exhibits because Harrington does not allege that the exhibits contained relevant facts which were not stated in the petition